Date signed March 13, 2008



DUNCAN W. KEIR
U. S. BANKRUPTCY JUDGE

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### at Baltimore

| | | |
|---|---|---|
| In Re: | * | |
| CRESCENT CITY ESTATES, LLC | * | Case No.   07-11598, US Bankruptcy |
| | * | Court for the Eastern Dist. |
| | * | of Louisiana |
| Debtor(s) | * | Chapter    11 |
| ************************************ | * | |
| MR CRESCENT CITY, LLC, ET AL. | * | |
| | * | |
| | * | |
| Plaintiff/Movant(s) | * | |
| vs. | * | Adversary   No. 07-00662DK |
| GIANNASCA CRESCENT CITY, LLC, ET AL. | * | |
| | * | |
| | * | |
| Defendant/Respondent(s) | * | |

### MEMORANDUM OF DECISION

This matter was commenced as a case filed in the Circuit Court for Baltimore City by the filing of a Complaint by the Plaintiffs against the Defendants on or about February 23, 2007. Six months later on August 24, 2007 a Notice of Removal was filed removing this matter from the Circuit Court for Baltimore City to the United States Bankruptcy Court for the District of Maryland. It was then assigned Adversary Proceeding number 07-00662DK.[1]

---

[1] Because the bankruptcy is referred to as the "case," separate civil proceedings arising under, arising in, or related to the case are referred to as "adversary proceedings," (including an

The matter now captioned as Adversary Proceeding number 07-00662 is hereinafter referred to as "this Adversary Proceeding." The basis for removal was asserted as federal jurisdiction under 11 U.S.C. § 1334 and the removal statute for matters related to a bankruptcy case set forth in 28 U.S.C. § 1452.

The bankruptcy case which forms the asserted relation to this Adversary Proceeding and the basis for removal to this court is the case of *In re Crescent City Estates LLC ("Debtor")*, 07-11598-JAB now a Chapter 7 case in the United States Bankruptcy Court for the Eastern District of Louisiana. The Debtor is both a co-plaintiff and co-defendant in the Complaint as filed in the Circuit Court for Baltimore City. That case was filed as a Chapter 11 case in Louisiana on August 23, 2007, the day before this Adversary Proceeding was removed to this court. The petition instituting the bankruptcy case in Louisiana was signed by Edward V. Giannasca, II (one of the Defendants in this adversary proceeding), as manager of the Debtor.

Less than four hours after the Notice of Removal brought this Adversary Proceeding to this court, the removing parties, Defendants in this Adversary Proceeding, filed a motion to transfer the venue of this Adversary Proceeding to the United States Bankruptcy Court for the Eastern District of Louisiana. The Plaintiffs on September 7, 2007, filed a Motion for Remand requesting this court to return this Adversary Proceeding to the Circuit Court for Baltimore City. The Plaintiffs and Defendants respectively filed oppositions to the motions brought by their opponents.

On October 2, 2007, a hearing was held to consider the opposing motions and responses, as well as a Status Conference in this Adversary Proceeding. At the conclusion of that hearing, the court took the motions under advisement for the reasons that the court enunciated onto the record.[2] At the time

---

action brought to this court by removal) even though such a proceeding would be known as a "case" in a non-bankruptcy court. See 28 U.S.C. § 1334(b) and Federal Rule of Bankruptcy Procedure 7001.

[2] A transcript of those findings is filed in this Adversary Proceeding as paper no. 111.

of the hearing on October 2, 2007, Crescent City Estates, LLC was a debtor-in-possession in the Chapter 11 case in the Eastern District of Louisiana. Almost immediately after the bankruptcy case was commenced, the debtor-in-possession filed a proposed disclosure statement and plan pursuant to which an independent liquidating trustee would be appointed. One of the duties of that trustee would have been to determine which of the causes of action brought derivately on behalf of the Debtor in this Adversary Proceeding should be pursued (if any) and otherwise to determine how the Debtor should participate as a plaintiff or defendant in the action. At the same time, a non-derivative plaintiff in this Adversary Proceeding filed a motion in the Eastern District of Louisiana to dismiss the bankruptcy case.

As reflected by this court's findings at the hearing on October 2, 2007 upon the motions to transfer and remand, the status of the bankruptcy case in Louisiana and possibility of confirmation of the plan proposed by the debtor-in-possession therein were important factors in this court's decision to defer its ruling. Subsequent to the October 2, 2007 hearing, the Debtor converted its Chapter 11 case in Louisiana to a Chapter 7 case and a Chapter 7 Trustee has been appointed. The proposed plan to have an independent Chapter 11 trustee is no longer a possibility. For the reasons enunciated hereinafter, this court determines that further delay in deciding the motion to transfer and motion to remand serves no useful purpose. For the reasons set forth hereinafter, this court will order that this Adversary Proceeding be remanded to the Circuit Court for Baltimore City and that the motion to transfer venue of this case as a federal action to the United States Bankruptcy Court for the Eastern District of Louisiana, be denied.[3]

---

[3] Although the Court's decision to remand this Adversary Proceeding is for the reasons stated in this Memorandum. In addition, it appears that this matter may not have been removed by a Notice of Removal that was lawfully filed in the federal court, as required. The Notice of Removal purporting to remove the action was ostensibly filed by Crescent City Estates, LLC, defendant and not by any of the other defendants, who merely filed consents to the removal. As Crescent City Estates, LLC is not an individual person, it could only file a pleading by authorized counsel. The Notice of Removal filed by Crescent City Estates, LLC was signed by two

As commented upon by this court in its findings on the record on October 2, 2007, the actions contained in the pleadings filed by the Plaintiff against the Defendants can be grouped based upon the parties asserting those claims and parties against whom such claims are asserted.  As to the Plaintiffs, the Debtor is named as a Plaintiff for the purpose of the co-Plaintiffs bringing derivative actions in the name of that entity.  The remaining Plaintiffs, which the court has referred to at times as "non-debtor Plaintiffs," also bring causes of action in their own asserted right and not derivatively on behalf of the Debtor.  As to Defendants, the Debtor is also named as a Defendant.  The remaining Defendants are individuals and entities allegedly controlled by those individuals and are not debtors in a bankruptcy case (hereinafter referred to as the "non-debtor Defendants).[4]

---

attorneys: Douglas S. Draper, Esq. And Michael J. Murphy, Esq.

At the time with the filing of the Notice of Removal, Crescent City Estates, LLC was the Debtor-in-Possession in the Chapter 11 case upon which removal was predicated.  11 U.S.C. § 327 requires that a Debtor-in-Possession must apply for and obtain an order from the Bankruptcy Court (in this case in the Eastern District of Louisiana) authorizing the employment of counsel.  As to Attorney Draper, an application for authorization to be employed as counsel to Crescent City Estates, LLC was filed in the United States Bankruptcy Court for the Eastern District of Louisiana on September 4, 2007 requesting approval nunc pro tunc as of the date of filing of the Bankruptcy Petition on August 23, 2007.  This application was granted nunc pro tunc by Order entered October 16, 2007.  However Attorney Draper was not a member of the federal bar of the District of Maryland and at the time of the filing of the Notice of Removal could not file such a document in this court as the sole counsel.

Attorney Murphy was admitted to practice in this District.  However it appears that Attorney Murphy was never the subject of any application by Crescent City Estates, LLC for authority to employ counsel and no order granting such authority has been entered by the Bankruptcy Court in Louisiana.  Accordingly Attorney Murphy was not lawful counsel to Crescent City Estates, LLC.  His signature upon the Notice of Removal therefore appears to be ultra vires. It is noted that Attorney Murphy filed numerous pleadings in this Adversary Proceeding on behalf of Defendant Giannasca individually.  In Giannasca's response to the Motion to Remand, it is clearly stated that Giannasca was not the party that invoked removal by the filed Notice.

[4] On November 14, 2007 the non-debtor Plaintiffs filed a motion for leave to file Fourth Amended Complaint.  The Fourth Amended Complaint offered with that motion sought to delineate which causes of action were asserted non-derivitively and as to which group of Defendants (debtor or non-debtor Defendants).  An opposition to that Motion was filed by Defendants Fisher and Giannasca asserting that permitting the Complaint to be amended in such

As the court previously stated on October 2, 2007, it appears highly questionable that this court has subject matter jurisdiction over those causes brought by the non-debtor Plaintiffs against the non-debtor Defendants. 11 U.S.C. § 1334 confers federal bankruptcy jurisdiction upon the federal courts including jurisdiction over matters related to a bankruptcy case.[5] The Defendants in this action assert that all of the causes of action brought by all Plaintiffs are "related to" the bankruptcy case of the Debtor. However, this appears to be most unlikely in the manner those words have been interpreted by the United States Supreme Court. To the extent that any of the non-debtor Defendants are found liable to any of the non-debtor Plaintiffs for causes of action that are not derivative, the outcome of such causes of action appears to have no likely effect upon the bankruptcy estate of Crescent City Estates, LLC or the rights of the Debtor in that bankruptcy case.[6] "[B]ankruptcy courts have no jurisdiction over proceedings that have no effect on the debtor." *Celotex Corp. v. Edwards*, 514 U.S. 300, 308 (1995)(footnote 6).

> In short, " 'the test for determining whether a civil proceeding is related to bankruptcy is whether *the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy.*' " *Owens-Ill., Inc. v. Rapid Am. Corp. (In re Celotex (Corp.)*, 124 F.3d 619, 625 (4th Cir.1997) (quoting *Pacor*, 743 F.2d at 994). Therefore, "[a]n action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options or freedom of action (either positively or negatively) and [it] in any way impacts upon the handling and administration of the bankruptcy estate." *Id.* at 625-26; *see also Spartan Mills v. Bank of Am. Ill.*, 112 F.3d 1251, 1255-56 (4th Cir.1997).

---

fashion could not be done without the consent of the Debtor, Crescent City Estates, LLC. The Motion to File Amended Complaint has not been decided before the remand of this case to the Circuit Court for Baltimore City.

[5] (a) Except as provided in subsection (b) of this section, the district courts shall have original and exclusive jurisdiction of all cases under title 11.
(b) Except as provided in subsection (e)(2), and notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11. 28 U.S.C. § 1334(a) and (b).

[6] Because the debtor is not an individual person, the debtor cannot receive a discharge in the Chapter 7 case. 11 U.S.C. § 727(a)(1).

5

*Valley Historic Ltd. Partnership v. Bank of New York*, 486 F.3d 831,836 (4th Cir.2007). It thusly appears that the causes of action brought by the non-derivative Plaintiffs against the non-derivative Defendants cannot be determined by a bankruptcy court either in Baltimore, Maryland or in the Eastern District of Louisiana.

In arguing against this result, the Defendants assert that the causes of action are so intertwined as to all constitute an action in some manner seeking to avoid a transfer related to the bankruptcy case. This argument asks the court to presuppose the result of what Defendants assert they will be able to ultimately prove. Certainly from the pleadings it does not appear to be a result which this court can assume. If the non-debtor Plaintiffs have no separate rights to be pursued, that decision can be made by the court having subject matter jurisdiction, upon proper motion, or at trial as necessary. To presume that the non-debtor Defendants would prevail in this assertion that there is no sustainable cause of action to be remanded, is at best premature.

Because the actions brought non-derivatively by the non-debtor Plaintiffs against non-debtor Defendants must be tried in a court having subject matter jurisdiction not emanating from the bankruptcy case of the Debtor, this court also observes that the only opportunity for all matters as to all parties to be resolved in one forum is before a non-federal court, i.e., Circuit Court for Baltimore City. The non-derivative actions of the non-debtor Plaintiffs against the non-debtor Defendants are not stayed by the filing of the bankruptcy of the Debtor and may move forward in the Circuit Court for Baltimore City.

Actions brought against the Debtor are stayed by the automatic stay imposed by 11 U.S.C. § 362(a). However, it is possible they will not remain stayed for purposes of adjudicating the rights set forth in the causes of action in which the debtor is the Defendant. Rights of asserted creditors against an entity which becomes a debtor in bankruptcy become the subject of claims filed in the bankruptcy

case. The debtor or other party-in-interest can test legitimacy or amount of such claims by objections filed in the bankruptcy court. However, when a non-bankruptcy proceeding is pending at the time the bankruptcy is filed which non-bankruptcy proceeding includes the dispute set forth in the subsequent objections to claims, the bankruptcy court upon motion may determine whether it should modify the automatic stay to allow the non-bankruptcy court to adjudicate the dispute. The existence of liability and the amount of damages (if any) are then determined by the non-bankruptcy court. That determination, by preclusion, becomes the basis for allowance or disallowance of the claim in the bankruptcy case. Whether this path will be followed is entirely up to the United States Bankruptcy Court for the Eastern District of Louisiana to decide, as that court has exclusive jurisdiction of the bankruptcy case of the Debtor and the automatic stay arising therein.[7]

As to those causes of action asserted derivatively through the Debtor, as a plaintiff, the parties agree that the only person with standing to assert such causes of action is the Chapter 7 Trustee of the bankruptcy estate of the Debtor.[8] The state courts of Maryland are not strangers to this situation. For example, see *Adams v. Manown*, 328 Md. 463, 615 A.2d. 611 (Md. 1992).

Depending upon what action (if any) is determined by the Bankruptcy Court in the Eastern District of Louisiana as to the automatic stay which presently prevents actions against the Debtor from moving forward as a part of this Adversary Proceeding now being remanded, and depending upon what action (if any) the Chapter 7 Trustee takes as to any rights which the Debtor as Plaintiff may have in this

---

[7] In addition there is pending before the Bankruptcy Court for the E.D. of Louisiana a motion to dismiss the bankruptcy case. If that motion is granted, the automatic stay would terminate.

[8] The Chapter 7 Trustee has filed a motion in the bankruptcy case before the Bankruptcy Court in the E.D. of Louisiana to engage special litigation counsel to represent the trustee in this adversary proceeding. Defendants herein have filed an objection and the matter is pending before the Court in the E.D. of Louisiana.

7

Adversary Proceeding, there is the possibility that a trial to determine all transactional facts may be held in one forum at one time. However, because the federal courts appear to lack subject matter jurisdiction as to the causes of action brought by the non-debtor Plaintiffs against non-debtor Defendants, there is no possibility of one trial determining all transactional facts while this matter remains in a federal forum. All of the policies discussed in this court's findings at the hearing on October 2, 2007 remain unchanged and further support the decision which the court now makes as to where this proceeding should continue forward.

The matter remanded does not include the one remaining unresolved relief prayed for in the Motion to Remand. Moving Plaintiffs include in that Motion a request for attorney's fees. The oppositions filed by Defendants oppose any such award. This question remains before this court to be determined. To the extent that the moving Plaintiffs request an award of attorney's fees as against the Debtor Crescent City Estates, LLC, that determination remains stayed by 11 U.S.C. § 362(a). As against the non-debtor Defendants, the record on the request for attorney's fees is not sufficiently developed as to enable the court to determine the dispute without further hearing. Accordingly by separate Order, the court will set the disputed request for attorney's fees for hearing by this Court.

As to the Adversary Proceeding itself, with the exception of the request for attorney's fees, an order will be entered which will remand this action to the Circuit Court for Baltimore City.

cc:    Mark J. Friedman, Esq.
       William J. Murphy, Esq.
       Kenneth B. Frank, Esq.
       Gregg L. Bernstein, Esq.

David V. Adler, Esq.
John J. Connolly, Esq.
Clerk, Circuit Court for Baltimore City- ref. Civil Case Number 24-C-07-001253 OT

**End Of Order**